

# NUMBER 13-16-00172-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**GLENN ROMERO, JUAN GONZALEZ,**
**RICARDO BENAVIDES AND ROMERO,**
**GONZALEZ & BENAVIDES, L. L. P.,**                          **Appellants,**

**v.**

**ZACHARIAS GONZALEZ,**                                    **Appellee.**

---

### On appeal from the 93rd District Court
### of Hidalgo County, Texas

---

# ORDER ABATING APPEAL

**Before Chief Justice Valdez and Justices Rodriguez and Benavides**
**Order Per Curiam**

On April 4, 2016, appellants, Glenn Romero, Juan Gonzalez, Ricardo Benavides,

and Romero, Gonzalez & Benavides, L.L.P. filed a petition for permission to appeal from

the 93rd Judicial District Court's denial of their motion to dismiss. In the certificate of

service, appellants certified that they had served Mark Cantu as attorney for appellee, Zacharias Gonzalez. In their docketing statement, appellants indicated that Mark Cantu, State Bar Number "23767445,"[1] had been disbarred as of April 11, 2016. On June 22, 2016, Mark A. Cantu III, state bar number "03767445," filed a notice of appeal challenging the trial court's judgment of disbarment signed on April 11, 2016. Cantu then filed a motion to stay the disbarment with our Court. On July 14, 2016, this Court denied the motion stating the following:

> "A district court judgment of disbarment . . . from the practice of law cannot be superseded or stayed." TEX. R. DISCIPLINARY P. 3.14. We treat disciplinary rules with the same authority as statutes. *See O'Quinn v. State Bar of Tex.*, 763 S.W.2d 397, 399 (Tex. 1988). In his motion, Cantu argues exactly for the type of relief that Rule 3.14 expressly and unambiguously prohibits. Therefore, the Court, having examined and fully considered the motion for emergency relief and response, is of the opinion that the motion should be denied.

Given the foregoing, we ABATE this matter and REMAND it to the trial court in order for the trial court to consider whether appellee wishes to retain other counsel. The trial court is ordered to immediately cause notice to be given and conduct a hearing on this matter. The trial court shall make and file appropriate findings of fact and conclusions of law and cause them to be included in a clerk's record; cause the hearing to be transcribed and included in a reporter's record; and have these records forwarded to the Clerk of this Court within thirty days from the date of this order. If the trial court requires additional time to comply, the trial court should so notify the Clerk of this Court.

---

[1] We find no other Mark Cantu at the State Bar of Texas website, and it appears that appellants incorrectly indicated that Mark Cantu's state bar number begins with a "2" instead of "0."

2

IT IS SO ORDERED.

PER CURIAM

Delivered and filed the
1st day of Novemberpe, 2016.

3